## No. 310
## MORAN v. SMELTZER

Ohio Appeals, 2d Dist., Franklin County
No. 1065. Decided March 6, 1924

101. ASSAULT AND BATTERY—Introduction in evidence of other assaults where party explains his former actions creditably held not prejudicial.

465. ERROR. Verdict held not manifestly against the weight of evidence—No error committed in court's charge.

ALLREAD, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Smeltzer brought an action against Moran for assault and battery. The defense was a general denial and a plea of self-defense. The evidence disclosed that Smeltzer followed Moran to the latter's home and that an altercation arose which resulted in the alleged assault. During the course of the trial the court permitted the plaintiff to introduce evidence showing that Moran had had difficulties with other parties. The jury returned a verdict in favor of plaintiff in the sum of $1244.50. In sustaining the judgment of the lower court, the Court of Appeals held:

1. As the evidence rested largely upon the credibility of witnesses, which is a matter peculiarly for the jury, it cannot be said that the verdict was manifestly against the weight of evidence.

2. While it was erroneous to permit the cross-examination of defendant in regard to fights with other persons, yet in view of the fact that the defendant explained these transactions favorably to himself, no prejudicial error was committed thereby.

3. No error was committed in the court's charge.

Attorneys—Belcher & Connor, for Moran; William Harvey Jones, for Smeltzer; all of Columbus.

## No. 311
## SHIELDS v. CLEVELAND RAILWAY CO.

Ohio Appeals, 8th Dist., Cuyahoga County
No. 4747. Decided Jan. 14, 1924

829. NEGLIGENCE—Instruction upon contributory negligence in absence of pleadings or evidence showing same is erroneous—If proper court should indicate who has burden of truth.

Middleton, P. J., Sayre and Mauck, JJ., Sitting

MAUCK, J. Epitomized Opinion
Published Only in Ohio Law Abstract

Clara Shields brought an action for personal injuries against the Cleveland Railway Co. The plaintiff was injured while alighting from a street car. The only evidence of negligence was that given by the plaintiff's husband to the effect that the conductor had pushed another passenger against plaintiff while the latter was, with raised foot, about to step from the car. The court in its charge submitted to the jury the issue of contributory negligence. It also instructed the jury that the burden of proof was upon the plaintiff. As the jury returned a verdict for the defendant, plaintiff prosecuted error. In reversing the judgment of the lower court, the Court of Appeals held:

1. As there was no issue made of the prudent conduct of the plaintiff or no defense of contributory negligence and no evidence thereof, the court committed error in defining contributory negligence as one of the issues in the case.

2. If any charge upon contributory negligence had been proper, it would have been necessary for the court to indicate where the burden of proof rested.

3. It cannot be said as a matter of law that the verdict was manifestly against the weight of evidence.

Attorneys—Bernsteen & Bernsteen, for Shields; Squire, Sanders & Dempsey, for Railway Company; all of Cleveland.